## Epperson v. Harper et al.

(Decided Nov. 12, 1937.)

O. B. BERTRAM for appellant.

GORDON MONTGOMERY and L. C. WINFREY for appellees..

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On June 5, 1937, there was held in Adair county, Ky., a county local option election, pursuant to an order of the Adair county court entered at its regular April term (April 5, 1937), which resulted in a large majority of votes being cast in favor of its adoption.

On July 2, following, the appellant, Stanley Epperson, filed his petition in the Adair circuit court, contesting the validity of the election upon a number of grounds, among which was the one here principally relied on for reversal, that the election was invalid because the petition requesting its calling, it is alleged, was not filed with the county court clerk, as required by the provisions of section 2554c-2, Kentucky Statutes.

This section of the Local Option Act provides that when a written petition, signed by a number of legal voters in the county equal to 25 per cent. of the vote cast at the preceding general election, has been filed *with the county court clerk*, "it shall be the duty of the judge of the county court of such county at the current

or the next regular term of said court thereafter to make an order on the order book of said court directing an election to be held in such county.''

Contestant, claiming that it is not shown by the records of the county court that this petition requesting the call of the involved election was lodged with the county court clerk, as required, contends that the election held under the county judge's call was thereby invalidated.

The proof taken by contestant in support of this contention was that the first entry, or order, appearing upon the county court records in reference to this election was the recorded order of the county judge calling the election, reading, in so far as is here pertinent, as follows:

*''It appearing that said petition was lodged and received by the court on the first day of April, 1937, and on said day filed in said court, and said petition laid over until this the first day of the next regular term of the county court, which is the first Monday in April 5, 1937,* and it further appearing to the satisfaction of the court that more than 25% of the legal voters in Adair county, as shown by the returns of the last general election held in said county, have signed said petition and it further appearing that said petition is *in the proper and required form* and that no general election will be held in said county on the 5th day of June, 1937, the date fixed for said election in said petition, * * * it is now ordered and adjudged by the court that said application be and the same now is granted and an election is now ordered to be held in said county in each and every voting precinct thereof * * * on Saturday, the 5th day of June, 1937.'' (Italics ours.)

Upon submission of the case to the court upon the issues joined upon the pleadings and proof taken in support thereof, it was adjudged that ''the contestant has failed to sustain the grounds of contest as set forth in his action and * * * contestant's petition * * * is now dismissed.''

Appellant, assailing the propriety of this judgment, appeals. In brief of counsel for appellant it is frankly stated that there is presented by this appeal but one question to be determined by us, and that is, whether or

not each of the mandatory directions or provisions of the statute, authorizing the calling of an election, and leading to the holding of said election, has been followed by the parties. He contends that the filing of the petition with the county court clerk, as provided for by the act, is mandatory, both according to the express terms of the provision and so declared by the repeated adjudications of this court in construing it, and that it was therefore both necessary and jurisdictional that the petition be filed with the *county court clerk* before the county judge was authorized or could make an order calling the election. He further contends that, as the record failed to expressly show the petitioners' compliance with the provisions of the act, the court's order calling the election was thereby rendered invalid and illegal.

The judgment of the lower court rejected such character of argument by upholding the validity of the election and dismissing contestant's petition, upon the ground that contestant had utterly failed to maintain by proof his grounds, including this, of contest.

We are of the opinion that the lower court properly so ruled, in that the contestant, in attacking the validity of the election, upon the issue joined, that the petition requesting the call of the election had not been properly filed or in the manner mandatorily required by the statute, in order to validate the county judge's later order based thereon, calling a local option election to be held, clearly assumed the burden of showing by his proof that the filed petition was not legally filed.

The language of the court's order, which contestant contends by its very terms shows that the petition was not properly filed or lodged with the clerk, is, as stated supra, that, "it appearing that said petition was lodged and received by the court," the holding of the election, as therein requested, was ordered.

Clearly, this contention should not be upheld upon the sole ground argued that the wording of the order does not expressly or clearly, in itself, show or state in what manner or how the petition was lodged with the court; that is, whether it was lodged with the clerk when in his office, or when engaged in elsewhere serving the court, or what was the particular manner in which it was, as recited, "lodged with the court."

The clerk of the court being the custodian of the court's records, and as the provision of the act directs that the petition shall be lodged or filed with the clerk of the court, the presumption must be indulged, in the absence of proof showing otherwise, that the petition was filed with the court in the way directed by the act; that is, with the clerk of the court, and that after its being so lodged with the clerk, it was, as further recited in the court's order, *received* by it and its order thereupon made as upon a petition properly filed with it.

While the language of the act, quoted supra, directs that the petition shall be lodged with the county court clerk, the contestant has not shown it was not so lodged, although, in attacking the validity of the election on such ground, the contestant assumed the burden of showing it was not properly lodged.

As to this required filing of the petition with the clerk, the act does not expressly require that there shall be entered an order upon the court's records showing that the petition was so lodged, but it does so expressly require the county judge to make a record entry of his order calling the election, in that it explicitly states that:

"It shall be the duty of the judge of the county court of such county at the current or next regular term of said court thereafter to make on order on the order book of said court directing an election to be held in such county."

There is no dispute here that the order calling the election was entered upon the court's records as required, but as to the manner of filing the petition, the record discloses nothing save and except that it "was lodged and received by the court."

Certainly, no presumption would arise or serve to take the place of proof that, such being the recital of the court's order as to the filing of the petition with the court, it was not properly filed with it. The presumption arising is, in fact, just the opposite of the invoked negative presumption in the absence of proof to the contrary; that is, that the petition recited by the record as having been "lodged with the court" will be presumed to have been properly filed with the court, by properly lodging it with its clerk.

Therefore, it is our conclusion, for the reasons

330

stated, that the judgment of the trial court in upholding the validity of the election and in dismissing the appellant's contest suit, as failing to sustain the grounds alleged therein by proof, was proper, and its judgment is affirmed.